DPM:kz 06-1145 5-16-06

STATE OF RHODE ISLAND
PROVIDENCE, S.C.

SUPERIOR COURT

BRIAN STORMS
Plaintiff

V.

C.A. No.:

THE TALARIA COMPANY, LLC d/b/a THE HINCKLEY COMPANY, BRENTON DESIGN CORPORATION d/b/a WILCOX CRITTENDON, INC. AND POLYMOLD CORPORATION
Defendants

# COMPLAINT

Plaintiff, Brian Storms, by and through his attorney, Daniel P. McKiernan, Esquire, complaining of the defendants alleges upon information and belief as follows:

## Jurisdiction

1. Plaintiff is a citizen of the Commonwealth of Massachusetts, and resides in Massachusetts. Defendants are entities organized under the laws of Massachusetts, Rhode Island and Connecticut.

2. This court may exercise personal jurisdiction over the named Defendants, The Talaria Company LLC d/b/a The Hinckley Company, Brenton Design Corporation d/b/a Wilcox Crittendon, Inc., and Polymold Manufacturing, who either designed, manufactured, advertised, supplied or otherwise transacted business in the State of Rhode Island, in connection with the construction of a recreational boat and its thru – hull fittings, whose defects formed the basis for this action.

## Parties

3. Plaintiff, Brian Storms, is and at all times mentioned in this complaint, was an individual who is domiciled in the Commonwealth of Massachusetts.

4. Defendant The Talaria Company LLC d/b/a The Hinckley Company, is, and at all times mentioned in this complaint was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 30 Rowes Wharf, 4th Floor, Boston, Massachusetts 02110, and does business in the state of Rhode Island where its registered agent for receipt of process is National Registered Agents, Inc., 222 Jefferson Blvd, Suite 200, Warwick, Rhode Island.

5. Defendant, The Talaria Company LLC d/b/a The Hinckley Company does business at its boat yard located at 1 Little Harbor Landing, Portsmouth, Rhode Island 02871.

6. Defendant, Brenton Design Corporation, which was formerly d/b/a Wilcox Crittendon,Inc., is and at all times in this complaint was, a corporation organized and existing under the laws of the State of Connecticut with its principal office and place of business at 501 Harbor Gate Way, Longboat Key, Florida 34228. Brenton Design's agent for the receipt of service of process is CT Corporation System, One Commercial Plaza, Hartford, Connecticut 06103.

7. Defendant, Polymold Manufacturing, is and at all times in this complaint was, a business entity organized and existing under the laws of the State of Connecticut with its office and place of business at 951 South Meriden Rd., Cheshire, Connecticut.

**Factual Allegations**

8. At and during all times hereinafter mentioned, Plaintiff, Brian Storms, was and is, the owner of TEMPUS, a 29 foot Hinckley "open" power vessel, model no. T29C Center Console, Vehicle identification number 29010/THC29010C202,("TEMPUS" and/or "vessel") which was purchased on or about June 9, 2005 from its original owner, Mr. James Swartz, through a brokerage company Little Harbor Yacht Brokers, whose office and place of business is located at One Little Harbor Landing, Portsmouth, Rhode Island 02871.

9. At and during all times hereinafter mentioned, Defendant, The Talaria Company LLC d/b/a The Hinckley Company("Hinckley"), is a manufacturer of power and sailing yachts, which are designed, manufactured, and serviced at its boatyard facilities in Maine and Rhode Island.

10. At and during all times hereinafter mentioned, Defendant, Brenton Design Corporation formerly known as Wilcox Crittenden, Inc., was and is, the manufacturer and

supplier of certain molded plastic "thru hull" fittings which were, upon information and belief, shipped to Rhode Island by said Defendant and installed by Hinckley in the vessel which is the subject of this action.

11. At and during all times hereinafter mentioned, Defendant, Polymold Company, was and is the manufacturer and supplier, of certain molded plastic "thru hull" fittings which were, upon information and belief, shipped to Rhode Island by said Defendant and installed by Hinckley in the vessel which is the subject of this action.

12. On or about May 30, 2002, The Hinckley Company delivered the vessel in a "new" condition to Mr. James Swartz in accordance with the terms and conditions of a contract for sale, which are unknown to plaintiff.

13. The vessel had been constructed by Hinckley at its boatyard in Portsmouth, Rhode Island.

14. Thereafter, on or about, June 9, 2005 Plaintiff purchased the subject vessel from Mr. Swartz in accordance with the terms and conditions of a Yacht Purchase and Sale Agreement.

15. The vessel remained at a mooring, when on or about July 5, 2005, the vessel's hull leaked, and the vessel sunk as a result.

16. Thereafter, the vessel was salvaged and brought to The Hinckley Co.'s boatyard in Portsmouth, Rhode Island, where it was inspected.

17. The cause of the sinking was found to be the ingress of water through a one-way thru hull fitting which was fitted to allow the water to drain from a sink which was installed aboard the vessel.

18. The water from the sink was to drain through a rubber hose through the one way thru hull fitting overboard.

19. Due to a defect in the fitting, water was permitted to flow from the sea through the face or "flange" of the fitting into the bilge of the vessel at a rate exceeding the capacity and/or capability of the electric bilge pump, causing the vessel to flood and eventually sink.

20. As a result of the vessel's deficiencies, which led to its sinking, damages now estimated to be in the amount of $160,813.49 were incurred to re-float, salvage and repair the vessel.

## Legal Allegations

### As and for a First Cause of Action Against The Hinckley Co. for Breach of Express Warranty

21. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs First through Twenty of the Complaint and incorporates them by reference.

22. At all times mentioned in this complaint defendant, The Hinckley Company, was engaged in the business of manufacturing, designing, distributing, testing, and selling recreational boats, and component parts for those boats, of the type described above.

23. Defendant would then sell those boats to retail outlets and to the general public.

24. Defendant, The Hinckley Company, manufactured, packaged, designed, inspected, distributed, tested, merchandised, advertised, and sold the boats of the type described above for the purpose of water transportation and recreational activities.

25. Defendant knew, or in the exercise of reasonable care should have known, that the boats that they manufactured and sold were mechanical devices of such a nature that if not properly manufactured, designed, tested, inspected, and distributed they were likely to injure persons using them or others.

26. Defendant, The Hinckley Company, had a duty to properly manufacture, inspect, design, distribute, and market the boats that it manufactured, inspected, designed, distributed, and marketed to distributors.

27. At the time this vessel was manufactured and sold, the defendants expressly warranted that it was of good construction and safe for the purpose for which it was intended, that is, a recreational boat.

28. The Hinckley Company warranted that the boats it constructed, including the Talaria line of powerboats, were of "seaworthy construction" and "refined craftsmanship."

29. The Hinckley 29C was represented to be a Downeast style yacht above the water and a Ferrari below, and the result of 'four years' of careful development.

30. Upon information and belief, Hinckley warranted that the hull and its appurtenances would be free from any manufacturing defects and/or defects in workmanship for the working life of the boat.

31. Plaintiff relied upon the express warranties provided above when he purchased the boat.

32. Defendants breached the express warranty described above in that the boat was manufactured in such a way that the thru hull fittings located at or near the waterline of the vessel were:

(1) improperly and negligently designed

(2) where improperly installed by Hinckley when the boat was manufactured;

(3) were unsuitable for the purposes intended; and these deficiencies caused the vessel to flood and sink.

33. All of the damages sustained by plaintiff were proximately caused by the defects in the boat and the breach of the express warranties by defendant.

**WHEREFORE**, Plaintiff demands a judgment against each Defendant for the sum of compensatory damages, interest, costs, attorney's fees and such other relief as this Court may deem just under the circumstances.

**As and For a Second Cause of Action Against The Hinckley Company for Breach of Implied Warranty**

34. Plaintiff repeats and re-alleges the allegations contained in Paragraphs First through Thirty-three of this complaint, as though fully set forth herein and incorporates them by reference.

35. At all times mentioned in this complaint defendants were merchants with respect to boats of the type that plaintiff purchased. Plaintiff also made known to Defendants the particular purpose for which the boat was being purchased and used and relied on the skill and judgment of defendants to select a boat that was suitable for that purpose.

36. As a result of the above, there existed an implied warranty that the boat was of merchantable quality, seaworthy, and safe to use for the purpose for which it was intended.

37. Defendants breached the implied warranty described above in that the boat was manufactured in such a way that the hull allowed the ingress of water into the boat which caused it to sink.

38. All the damages sustained by plaintiff were proximately caused by the defects in the boat and the breach of the implied warranty by defendants.

39. Plaintiff gave defendants written notice of the breach of the implied warranty mentioned above and of the injuries and damages sustained by plaintiff as a result of defendants' breach of that implied warranty.

**WHEREFORE**, Plaintiff demands a judgment against each Defendant for the sum of compensatory damages, interest, costs, attorney's fees and such other relief as this Court may deem just under the circumstances.

**As and For a Third Cause of Action Against Defendant, The Talaria Company d/b/a The Hinckley Company for Negligence**

40. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs First through Thirty-ninth of the Complaint and incorporates them by reference.

41. The Hinckley company was negligent and otherwise failed to exercise a reasonable degree of care that a similarly situated merchant of recreational vessels would exercise, by failing to ensure that (a) a suitable thru hull fitting was properly installed aboard the vessel without causing the vessel to sink; (b) failing to properly install the thru hull fitting in the vessel's hull (c) failing to ensure that the thru hull fitting which was to drain the sink was situated an adequate distance above the waterline, and/or (d) failing to inspect the thru hull fitting prior to its installation aboard the vessel to ensure that it was not cracked or otherwise defective.

42. Hinckley's negligent conduct caused the vessel to sink, resulting in damages now estimated to be $160,813.49, to re-float and repair the vessel.

**WHEREFORE**, Plaintiff demands a judgment against each Defendant for the sum of compensatory damages, interest, costs, attorney's fees and such other relief as this Court may deem just under the circumstances.

**As and For a Third Cause of Action Against Defendants Brenton Design Corporation d/b/a Wilcox Crittendon, Inc. and Polymold Manufacturing for Breach of Express and Implied Warranties**

43. Plaintiff repeats and re-alleges the allegations contained in Paragraphs First through Forty-second of this complaint, as though fully set forth herein and incorporates them by reference.

44. The thru hull fitting was supplied and/or manufactured by Brenton Design Corporation and/or Polymold Manufacturing to serve as an overboard drain and/or discharge for use aboard marine recreational vessels that were designed, constructed and sold by Hinckley.

45. The thru hull fitting was represented to be fit and suitable for the purposes intended, that is to be a "one-way" thru hull fitting thru which water would drain from the sink aboard the vessel into the surrounding water.

46. Due to defects in the design and or manufacture of the thru hull fitting, the subject fitting cracked or otherwise failed, and caused water to flood and eventually sink the vessel.

47. The thru hull fitting was not suitable for the purposes intended, in that, it failed and caused the vessel to sink, resulting in damages now estimated to be $160,813.49, to re-float and repair the vessel.

**WHEREFORE**, Plaintiff demands a judgment against each Defendant for the sum of compensatory damages, interest, costs, attorney's fees and such other relief as this Court may deem just under the circumstances.

**As and For a Fourth Cause of Action for defect in manufacture against Defendants Brenton Design Corporation d/b/a Wilcox Crittendon, Inc. and Polymold Manufacturing**

48. Plaintiff repeats and re-alleges the allegations contained in Paragraphs First through Forty-seven of this complaint, as though fully set forth herein and incorporates them by reference.

49. The thru hull fitting which was supplied and/or manufactured by Defendants Brenton Design and/or Polymold Manufacturing was in a defective condition when supplied to Hinckley for installation into the vessel.

50. Due to the defects in the manufacture of the thru hull fitting the vessel sunk, resulting in damages now estimated to be $160,813.49, to refloat and repair the vessel.

**As and For a Fifth Cause of Action for Strict Liability against each Defendant**

51. Plaintiff repeats and re-alleges the allegations contained in Paragraphs First through fifty of this complaint, as though fully set forth herein and incorporates them by reference.

52. The Defendants, in each of them, are strictly liable for the damages sustained to the Plaintiff's vessel.

**WHEREFORE**, Plaintiff demands a judgment against each Defendant for the sum of compensatory damages, interest, costs, attorney's fees and such other relief as this Court may deem just under the circumstances.

Plaintiff,
By His Attorney,

***McKiernan Thompson & Millea***

Daniel P. McKiernan, Esquire (#4705)
243 North Main Street
Providence, RI 02903
Tel: (401) 223-1400
Fax: (401) 223-1401

***Plaintiff hereby demands a trial by jury on all issues so triable and designates Daniel P. McKiernan, Esquire as his trial counsel.***