IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN STORMS,

Plaintiff,

vs.

CIVIL ACTION NO. 06-277ML

THE TALARIA COMPANY, LLC,
d/b/a THE HINCKLEY COMPANY,
BRENTON DESIGN CORPORATION,
d/b/a WILCOX CRITTENDEN, INC.,
and POLY MOLD CORPORATION,

Defendants.

**THE HINCKLEY COMPANY'S**
**ANSWER AND CROSS-CLAIM**

NOW COMES defendant, The Talaria Company, LLC, doing business as defendant, The Hinckley Company (hereinafter referred to as "Hinckley"), by its attorney, and for its answer to the Complaint of plaintiff, Brian Storms (hereinafter referred to as "Plaintiff"), states, upon information and belief, as follows:

Jurisdiction

1. Hinckley denies that it is an entity "... organized under the laws of Massachusetts, Rhode Island [or] Connecticut." Hinckley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and therefore calls upon Plaintiff to prove same.

2. No response is required to the conclusions of law stated in Paragraph 2 of the Complaint, but to the extent that the allegations contained therein seek to impose liability against Hinckley, defendant denies the allegations that it breached its warranties and/or duties.

Parties

3. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore calls upon Plaintiff to prove same.

4. Hinckley denies that its principal place of business is located at 30 Rowes Wharf, 4th Floor, Boston, Massachusetts. Hinckley admits the truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5. Hinckley admits the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore calls upon Plaintiff to prove same.

7. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore calls upon Plaintiff to prove same.

Factual Allegations

8. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore calls upon Plaintiff to prove same.

9. Hinckley admits (a) that it is a builder of power and sailing vessels and (b) that it services vessels at its boatyard facilities in Maine, Rhode Island and elsewhere. Hinckley denies the truth of the remaining allegation contained in Paragraph 9 of the Complaint.

10. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore calls upon Plaintiff to prove same.

11. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11of the Complaint, and therefore calls upon Plaintiff to prove same.

12. Hinckley admits the truth of the allegations contained in Paragraph 12 of the Complaint to the extent that it sold and delivered a certain 29-foot T 29C Center Console motor vessel (Hull Identification No. THC29010C202) (hereinafter referred to as "Vessel") in "new" condition to Mr. James R. Swartz of Park City, Utah on May 10, 2002 in accordance with the terms of a certain agreement, dated and accepted on October 26, 2001.

13. Hinckley admits the truth of the allegations contained in Paragraph 13 of the Complaint to the extent that the Vessel was partially constructed at its facility in Rhode Island.

14. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore calls upon Plaintiff to prove same.

15. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore calls upon

Plaintiff to prove same.

16. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore calls upon Plaintiff to prove same.

17. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore calls upon Plaintiff to prove same.

18. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore calls upon Plaintiff to prove same.

19. Hinckley denies the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore calls upon Plaintiff to prove same.

20. Hinckley denies the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore calls upon Plaintiff to prove same.

<u>Legal Allegations</u>
<u>First Cause of Action Against Hinckley</u>
(Breach of Express Warranty)

21. Hinckley repeats and reiterates its responses to the allegations contained in Paragraphs 1 through 20 of the Complaint as if fully restated herein.

22. Hinckley admits the truth of the allegations contained in Paragraph 22 of the Complaint to the extent that it builds and sells recreational boats. Hinckley denies the truth of the remaining allegations contained therein, and calls upon Plaintiff to prove same.

23. Hinckley admits the truth of the allegations contained in Paragraph 23 of the Complaint to the extent that it sells "new" boats to the general public. Hinckley denies the truth of the remaining allegations contained therein, and calls upon Plaintiff to prove same.

24. Hinckley admits the truth of the allegations contained in Paragraph 24 of the Complaint to the extent that it builds and sells boats to the general public for private, recreational use. Hinckley denies the truth of the remaining allegations contained therein, and calls upon Plaintiff to prove same.

25. Hinckley denies the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore calls upon Plaintiff to prove same.

26. No response is required to the conclusions of law stated in Paragraph 26 of the Complaint, but to the extent that the allegations contained therein seek to impose liability against Hinckley, defendant denies the allegations that it breached its warranties and/or duties.

27. Hinckley denies the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore calls upon Plaintiff to prove same.

28. Hinckley denies the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore calls upon Plaintiff to prove same.

29. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore calls upon Plaintiff to prove same.

30. Hinckley denies the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore calls upon Plaintiff to prove same.

31. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore calls upon Plaintiff to prove same.

32. Hinckley denies the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore calls upon Plaintiff to prove same.

33. Hinckley denies the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore calls upon Plaintiff to prove same.

Second Cause of Action Against Hinckley
(Breach of Implied Warranty)

34. Hinckley repeats and reiterates its responses to the allegations contained in Paragraphs 1 through 33 of the Complaint as if fully restated herein.

35. No response is required to the conclusion of law stated in Paragraph 35 of the Complaint, but to the extent that the allegations contained therein seek to impose liability against Hinckley, defendant denies the truth of the allegations, and calls upon Plaintiff to prove same.

36. No response is required to the conclusions of law stated in Paragraph 36 of the Complaint, but to the extent that the allegations contained therein seek to impose liability against Hinckley, defendant denies the truth of the allegations, and calls upon Plaintiff to prove same.

37. Hinckley denies the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore calls upon Plaintiff to prove same.

38. Hinckley denies the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore calls upon Plaintiff to prove same.

39. Hinckley denies the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore calls upon Plaintiff to prove same.

Third Cause of Action Against Hinckley
(Negligence)

40. Hinckley repeats and reiterates its responses to the allegations contained in Paragraphs 1 through 39 of the Complaint as if fully restated herein.

41. Hinckley denies the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore calls upon Plaintiff to prove same.

42. Hinckley denies the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore calls upon Plaintiff to prove same.

Third (*sic*) Cause of Action Against Brenton Design Corporation
(Breach of Express and Implied Warranties)

43. Hinckley repeats and reiterates its responses to the allegations contained in Paragraphs 1 through 42 of the Complaint as if fully restated herein.

44. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore calls upon Plaintiff to prove same.

45. Hinckley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore calls upon Plaintiff to prove same.

46. To the extent that the allegations contained in Paragraph 46 of the Complaint seek to impose liability against Hinckley, defendant denies the truth of the allegations contained therein, and calls upon Plaintiff to prove same.

47. To the extent that the allegations contained in Paragraph 47 of the Complaint seek to impose liability against Hinckley, defendant denies the truth of the allegations contained therein, and calls upon Plaintiff to prove same.

Fourth Cause of Action Against Brenton Design Corporation, et al.

48. Hinckley repeats and reiterates its responses to the allegations contained in Paragraphs 1 through 47 of the Complaint as if fully restated herein.

49. To the extent that the allegations contained in Paragraph 49 of the Complaint seek to impose liability against Hinckley, defendant denies the truth of the allegations contained therein, and calls upon Plaintiff to prove same.

50. To the extent that the allegations contained in Paragraph 50 of the Complaint seek to impose liability against Hinckley, defendant denies the truth of the allegations contained therein, and calls upon Plaintiff to prove same.

Fifth Cause of Action Against All Defendants
(Strict Liability)

51. Hinckley repeats and reiterates its responses to the allegations contained in Paragraphs 1 through 50 of the Complaint as if fully restated herein.

52. No response is required to the conclusions of law stated in Paragraph 52 of the Complaint, but to the extent that the allegations contained therein seek to impose liability against Hinckley, defendant denies the truth of the allegations contained therein, and calls

upon Plaintiff to prove same.

Affirmative Defenses

Hinckley incorporates the following affirmative defenses into each and every paragraph contained in its Answer:

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, defendant says that some or all of the Causes of Actions set forth in the Complaint fail to state claims upon which relief can be granted.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, defendant says that a conflict of law exists and that some or all of the Causes of Actions set forth in the Complaint are barred and/or Plaintiff's remedies are limited by the relevant warranties and remedies available under state law and/or the general maritime law of the United States.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, defendant says that some or all of the Causes of Actions set forth in the Complaint are barred by the relevant statue of limitations.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, defendant says that some or all of the Causes of Actions set forth in the Complaint are barred by the economic loss doctrine.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, defendant says that some or all of the Causes of Actions set forth in the Complaint are barred by Plaintiff's lack of privity of contract.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, defendant says that Plaintiff failed to provide this defendant with notice of any breach of warranty, if one occurred, which is denied, within a reasonable time, and therefore this defendant is prejudiced by said failure and the Complaint should be dismissed.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, defendant says that the acts or omissions complained of were not committed by a person for whom this defendant was legally responsible.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, defendant says that to the extent that it had any obligations or duties to Plaintiff, such obligations or duties have been fully, completely and properly performed in every respect.

WHEREFORE, defendant, The Talaria Company, LLC, doing business as defendant, The Hinckley Company, respectfully prays that judgement enter in its favor dismissing the Complaint herein and awarding its costs and disbursements of this action, and such other and further relief as this Honorable Court deems just and proper.

## CROSS-CLAIMS AGAINST BRENTON DESIGN CORPORATION

### Jurisdiction

1. The District Court has jurisdiction over these cross-claims under the provisions of 28 U.S.C. §1332. in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### The Parties

2. Defendant, The Talaria Company, LLC, doing business as defendant, The Hinckley Company (hereinafter referred to as "Hinckley"), is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located at One Little Harbor Landing, Portsmouth, Rhode Island. At all times relevant hereto, Hinckley was, and still is, a duly registered foreign company authorized to transact business in the State of Rhode Island.

3. Defendant, Brenton Design Corporation, formerly known as Wilcox Crittenden, Inc. (hereinafter referred to as "Wilcox Crittenden"), with its principal place of business formerly located at 501 Harbor Gate Way, Longboat Key, Florida, was a corporation duly organized and existing under the laws of the State of Connecticut through the date of its voluntary dissolution on December 3, 2004. Wilcox Crittenden continues to exists for the purposes of this action under the laws of the State of Connecticut, to wit: Conn. Gen. Stat. §33-887.

Factual Allegations

4. Plaintiff, Brian Storms, alleges in his Complaint in the above-captioned action that he purchased from Mr. James Swartz a certain 29-foot T 29C Center Console motor vessel (Hull Identification No. THC29010C202) (hereinafter referred to as "Vessel") built by Hinckley.

5. Plaintiff alleges that a certain component part of the Vessel, to wit: a through-hull fitting installed by Hinckley in the Vessel's hull was defective and caused the Vessel to sink.

6. Plaintiff alleges that he suffered damages as a result of the breach of express and/or implied warranties, negligence and/or strict liability on the part of Hinckley.

7. The through-hull fitting which is the subject matter of Plaintiff's Complaint was manufactured, distributed and/or sold by Wilcox Crittenden.

8. Hinckley did not alter or modify the through-hull fitting in any manner after it was sold to said defendant and installed in the Vessel's hull.

9. If the through-hull fitting which is the subject matter of Plaintiff's Complaint was defective as alleged by Plaintiff, then the through-hull fitting was defective when manufactured, distributed and/or sold by Wilcox Crittenden.

Count One
(Common Law/Equitable Indemnification)

10. Hinckley repeats and incorporates by reference the allegations contained in Paragraphs 1 through 9 of the Cross-Claim as if fully restated herein.

11. Plaintiff alleges various causes of action against Hinckley for the breach of express and/or implied warranties, negligence and/or strict liability, all of which Hinckley denies.

12. The through-hull fitting alleged to have caused Plaintiff's damages was manufactured, distributed and/or sold by Wilcox Crittenden.

13. As the manufacturer, distributor and/or seller of the through-hull fitting in question, Wilcox Crittenden expressly and impliedly warranted the through-hull fitting's merchantability and fitness for its intended use.

14. If Hinckley is found liable for having breached warranties, which it expressly denies, then Wilcox Crittenden also breached warranties, was negligent and/or strictly liable with respect to the through-hull fitting in question.

15. If Plaintiff incurred damages as alleged in the Complaint, which Hinckley expressly denies, then his damages were caused by the breach of warranties, negligence and/or strict liability of Wilcox Crittenden.

16. Should Hinckley be found liable for Plaintiff's alleged damages, such liability is vicarious, derivative of, and solely due to the conduct of Wilcox Crittenden, without any contributory fault on the part of Hinckley.

17. By reason of the foregoing, if Hinckley is held liable for damages to Plaintiff, then it is entitled to indemnification from Wilcox Crittenden.

WHEREFORE, defendant, The Talaria Company, LLC, doing business as defendant, The Hinckley Company, respectfully prays that judgment enter in its favor over and against defendant, Brenton Design Corporation, formerly known as Wilcox Crittenden, Inc., in the amount of all sums adjudged against it and in favor of plaintiff, Brian Storms, together with reasonable attorneys' fees, costs and disbursements incurred in the defense of Plaintiff's claims, prosecution of this cross-claim, and any appeal, and such other and further relief as this Honorable Court deems just and proper.

Count Two
(Contribution)

18. Hinckley repeats and incorporates by reference the allegations contained in Paragraphs 1 through17 of the Cross-Claim, as if fully restated herein.

19. If Plaintiff incurred damages as alleged in the Complaint, which Hinckley expressly denies, then his damages were caused by the negligence of Wilcox Crittenden.

20. By reason of the foregoing, if Hinckley is held liable for damages to Plaintiff, then it is entitled to contribution from Wilcox Crittenden as a joint tortfeasor.

WHEREFORE, defendant, The Talaria Company, LLC, doing business as defendant, The Hinckley Company, respectfully prays that judgment enter in its favor over and against defendant, Brenton Design Corporation, formerly known as Wilcox Crittenden, Inc., in the amount of the latter's *pro rata* share of all sums adjudged against it and in favor of plaintiff, Brian Storms, together with reasonable attorneys' fees, costs and disbursements incurred in the defense of Plaintiff's claims, prosecution of this cross-claim, and any appeal, and such other and further relief as this Honorable Court deems just and proper.

Jury Claim

Defendant, The Talaria Company, LLC, doing business as defendant, The Hinckley Company, hereby makes claim for a trial by jury on all issues.

Dated: June 21, 2006

Respectfully submitted,

THE TALARIA COMPANY, LLC,
d/b/a THE HINCKLEY COMPANY
By its attorney,
NORMAN A. PELOQUIN, II P.C.

Norman A. Peloquin, II (RI Bar No. 4146)
Of Counsel, Saunders & Saunders, LLP
16 Main Road, P.O. Box 65
Adamsville, RI 02801
Tel. (401) 635-9100; Fax (401) 635-9125

Certificate of Service

I hereby certify that on the 21st day of June, 2006, I served a true copy of the forgoing document upon counsel of record by mailing same, first class, postage prepaid, to: Daniel P. McKiernan, Esquire, McKiernan, Thompson & Millea, 243 North Main Street, Providence, Rhode Island 02903, and Gerald W. White, Esquire, Hill Rivkins & Hayden LLP, 45 Broadway, Suite 1500, New York, New York 10006.

Attorney at Law