**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BRIAN STORMS**

**V.**

**CIVIL ACTION NUMBER:**
**NO: 06-277ML**
**DEMAND FOR JURY TRIAL**

**THE TALARIA COMPANY, LLC DBA THE HINCKLEY COMPANY, BRENTON DESIGN CORPORATION DBA WILCOX CRITTENDON, INC. AND POLY MOLD CORPORATION**

# ANSWER OF POLY MOLD CORPORATION AND DEMAND FOR JURY TRIAL

## Jurisdiction

The defendant Poly Mold Corporation neither admits nor denies the allegations in the following paragraph but leaves the plaintiff to his burden of proof: #1.

The defendant Poly Mold Corporation denies the allegations in the following paragraph: #2.

## Parties

The defendant Poly Mold Corporation neither admits nor denies the allegations in the following paragraph but leaves the plaintiff to his burden of proof: #3, #4, #5, and 6.

The defendant Poly Mold Corporation admits the allegations in the following paragraph: #7.

## Factual Allegations

The defendant Poly Mold Corporation neither admits nor denies the allegations in the following paragraph but leaves the plaintiff to his burden of proof: #8, #9, #10, #12, #13, #14, #15, #16, #17, #18, #19, and #20.

The defendant Poly Mold Corporation denies the allegations in the following paragraph: #11.

## Legal Allegations

### First Cause of Action—The Hinckley Co.

To the extent that the plaintiff repeats and re-alleges allegations already pleaded, the defendant re-interposes its responses to these allegations when initially pleaded.

To the extent that the allegations in this paragraph are not directed towards this defendant, no response is necessary; however, to the extent that these allegations are directed towards this defendant, the defendant responds as follows:

The defendant Poly Mold Corporation neither admits nor denies the allegations in the following paragraphs but leaves the plaintiff to his burden of proof: #22, #23, #24, #25, #26, #27, #28, #29, #30, and #31.

The defendant Poly Mold Corporation denies the allegations in the remaining paragraphs.

WHEREFORE, the defendant Poly Mold Corporation demands that the plaintiff recover nothing, that judgment enter in the defendant's favor as against the plaintiff, and that the defendant be awarded costs.

### Second Cause of Action—The Hinckley Co.

To the extent that the plaintiff repeats and re-alleges allegations already pleaded, the defendant re-interposes its responses to these allegations when initially pleaded.

To the extent that the allegations in this paragraph are not directed towards this defendant, no response is necessary; however, to the extent that these allegations are directed towards this defendant, the defendant denies all allegations in the paragraphs to this Second Cause of Action.

WHEREFORE, the defendant Poly Mold Corporation demands that the plaintiff recover nothing, that judgment enter in the defendant's favor as against the plaintiff, and that the defendant be awarded costs.

### Third Cause of Action—The Talaria Company DBA The Hinckley Co.

To the extent that the plaintiff repeats and re-alleges allegations already pleaded, the defendant re-interposes its responses to these allegations when initially pleaded.

To the extent that the allegations in this paragraph are not directed towards this defendant, no response is necessary; however, to the extent that these allegations are directed towards this defendant, the defendant neither admits nor denies all allegations in the paragraphs to this Third Cause of Action.

WHEREFORE, the defendant Poly Mold Corporation demands that the plaintiff recover nothing, that judgment enter in the defendant's favor as against the plaintiff, and that the defendant be awarded costs.

**Third Cause of Action – The Brenton Design Corporation DBA Wilcox Crittenden and Poly Mold Manufacturing**

To the extent that the plaintiff repeats and re-alleges allegations already pleaded, the defendant re-interposes its responses to these allegations when initially pleaded.

As to paragraph #44, the defendant Poly Mold Corporation admits that it manufactured a thru hull fitting which upon information and belief was used in the construction of the vessel in question; but neither admits nor denies the remaining allegations to this paragraph and leaves plaintiff to his burden of proof.

The defendant denies the allegations in the remaining paragraphs.

WHEREFORE, the defendant Poly Mold Corporation demands that the plaintiff recover nothing, that judgment enter in the defendant's favor as against the plaintiff, and that the defendant be awarded costs.

**Fourth Cause of Action – Brenton Design Corporation DBA Wilcox Crittendon, Inc. and Poly Mold Corporation**

To the extent that the plaintiff repeats and re-alleges allegations already pleaded, the defendant re-interposes its responses to these allegations when initially pleaded.

The defendant denies the allegations in the remaining paragraphs.

WHEREFORE, the defendant Poly Mold Corporation demands that the plaintiff recover nothing, that judgment enter in the defendant's favor as against the plaintiff, and that the defendant be awarded costs.

**Fifth Cause of Action – All Defendants**

To the extent that the plaintiff repeats and re-alleges allegations already pleaded, the defendant re-interposes its responses to these allegations when initially pleaded.

The defendant denies the allegations in the remaining paragraphs.

WHEREFORE, the defendant Poly Mold Corporation demands that the plaintiff recover nothing, that judgment enter in the defendant's favor as against the plaintiff, and that the defendant be awarded costs.

**AFFIRMATIVE DEFENSES**

1. **Without assuming the burden of proof on the issue, the alleged incident and claimed losses were due to third parties over whom this defendant bears no legal responsibility.**
2. **Any recovery by the plaintiff should be reduced by his degree of comparative negligence.**
3. **Any recovery by the plaintiff is barred by his assumption of the risk.**

4. **The strict liability and tort based causes of action are barred by the economic loss doctrine.**
5. **The warranty based claims are barred based on the statute of limitations.**
6. **The defendant owed no duty to the plaintiff insofar as the alleged component part was supplied by this defendant to a sophisticated buyer who was solely responsible to safely and appropriately integrate the part into products suitable for that part.**
7. **The defendant owed no duty to the plaintiff insofar as the alleged component part was supplied by this defendant to a sophisticated buyer who was solely responsible to instruct the ultimate user on how to safely and appropriately integrate the part into products only suitable for that part.**
8. **The defendant owed no duty to the plaintiff insofar as the alleged component part was manufactured in accordance with specification given by third parties.**
9. **The award of attorney fees award is not permissible**
10. **The plaintiff's action is barred based on modification, alteration or misuse of the component part and/or the product.**
11. **The plaintiff's action is barred based on improper notice of breach.**
12. **The plaintiff's action is barred based on spoliation of evidence.**
13. **The plaintiff's action is barred based on lack of privity.**
14. **The plaintiff's action against his defendant must fail as any alleged proximate cause between any alleged misconduct by this defendant and the loss was broken by an independent, superseding, intervening cause or causes.**
15. **This Court lacks personal jurisdiction over this defendant.**
16. **The proper name of this defendant is Poly Mold Corporation.**
17. **The complaint fails to state claims upon which relief can be granted.**
18. **To the extent warranties were extended in fact or as a matter of law by this defendant to the plaintiff, plaintiff's remedies are limited by the remedies available for alleged breaches of such warranties under the applicable law.**

WHEREFORE, the defendant Poly Mold Corporation demands that the plaintiff recover nothing, that judgment enter in the defendant's favor as against the plaintiff, and that the defendant be awarded costs.

**<u>THE DEFENDANT DEMANDS A TRIAL BY JURY.</u>**

Defendant Poly Mold Corporation
By:

Brian T. Burns, Reg#4187
Law Offices of Brown & Mena
175 Paramount Drive, Suite 204
Raynham, Ma. 02767
TEL#: 508-880-3509
FAX#: 508-880-8625
Brian.burns@libertymutual.com

**Certificate of Service**

I hereby certify that on the 23rd day of June, 2006, I served a true copy of the foregoing document upon counsel of record by mailing the same, first class, postage prepaid to:

Daniel P. McKiernan, Esq.
McKiernan, Thompson & Millea
243 North Main Street,
Providence, RI 02903,

Gerald W. White, Esq.
Hill, Rivkins & Hayden, LLP
45 Broadway, Suite 1500
New York, NY 10006

Norman A. Peloquinn, II, Of Counsel
Saunders & Saunders LLP
16 Main Road, PO Box 65
Adamsville, RI 02801

________________________
Brian T. Burns