UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRIAN STORMS,<br>Plaintiff, | : | |
| vs. | : | 06-277ML |
| THE TALARIA COMPANY, LLC d/b/a THE HINCKLEY COMPANY, BRENTON DESIGN CORPORATION d/b/a WILCOX CRITTENDEN, INC. and POLY MOLD CORPORATION<br>Defendants. | : | |

**ANSWER AND CROSSCLAIMS OF DEFENDANT,**
**BRENTON DESIGN CORPORATION d/b/a WILCOX CRITTENDEN, INC.**

Now comes Defendant, ***Brenton Design Corporation d/b/a Wilcox Crittenden, Inc.***, and hereby provides answer to Plaintiff's, ***Brian Storms***, complaint as follows:

**Jurisdiction**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof; except admits that it is duly organized under the laws of Rhode Island.

2. Defendant avers that Paragraph 2 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent the Court deems a response is required, the allegations set forth in Paragraph 2 are denied.

**Parties**

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Complaint, and therefore,

leaves Plaintiff to his proof thereof.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

6. Defendant admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

**Factual Allegations**

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

9. Defendant admits the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that it has shipped thru-hull fittings to the State of Rhode Island, denies that it manufactures thru-hull fittings, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint, and therefore,

leaves Plaintiff to his proof thereof.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

17. Defendant denies that the thru-hull fitting alleged to have contributed to the sinking of Plaintiff's vessel was a "one-way thru hull fitting." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiff's Complaint, and therefore,

leaves Plaintiff to his proof thereof.

19. Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

## Legal Allegations

### As and for a First Cause of Action Against The Hinckley Co. for Breach of Express Warranty

21. Defendant hereby restates its responses to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

22. Defendant avers that Paragraph 22 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

23. Defendant avers that Paragraph 23 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

24. Defendant avers that Paragraph 24 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 24 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

25. Defendant avers that Paragraph 25 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

26. Defendant avers that Paragraph 26 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

27. Defendant avers that Paragraph 27 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

28. Defendant avers that Paragraph 28 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

29. Defendant avers that Paragraph 29 sets forth allegations against another

Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

30. Defendant avers that Paragraph 30 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

31. Defendant avers that Paragraph 31 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

32. Defendant avers that Paragraph 32 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

33. Defendant avers that Paragraph 33 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's Complaint, and therefore, leaves Plaintiff

to his proof thereof.

**As and For a Second Cause of Action Against
The Hinckley Company for Breach of Implied Warranty**

34. Defendant hereby restates its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35. Defendant avers that Paragraph 35 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

36. Defendant avers that Paragraph 36 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

37. Defendant avers that Paragraph 37 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

38. Defendant avers that Paragraph 38 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 38 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

39. Defendant avers that Paragraph 39 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

**As and For a Third Cause of Action Against**
**The Talaria Company d/b/a The Hinckley Company of Negligence**

40. Defendant hereby restates its responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

41. Defendant avers that Paragraph 41 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

42. Defendant avers that Paragraph 42 sets forth allegations against another Defendant, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiff's Complaint, and therefore, leaves Plaintiff to his proof thereof.

**As and For a Third Cause of Action Against Defendants**
**Brenton Design Corporation d/b/a Wilcox Crittenden, Inc. and**
**Polymold Manufacturing for Breach of Express and Implied Warranties**

43. Defendant hereby restates its responses to Paragraphs 1 through 42 as if fully set forth herein.

44. Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

**As and For a Fourth Cause of Action for defect in manufacture against Defendants Brenton Design Corporation d/b/a Wilcox Crittenden, Inc. and Polymold Manufacturing**

48. Defendant hereby restates its responses to Paragraphs 1 through 47 of Plaintiff's Complaint as if fully set forth herein.

49. Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

**As and For a Fifth Cause of Action for Strict Liability against each Defendant**

51. Defendant hereby restates its responses to Paragraphs 1 through 50 of Plaintiff's Complaint as if fully set forth herein.

52. Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

**First Affirmative Defense**

Plaintiff has failed to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claim against Defendant fails, as any damage caused to him was a result of actions by parties not under the control of this Defendant.

**Third Affirmative Defense**

Plaintiff failed to mitigate his damages.

**Fourth Affirmative Defense**

This Court lacks subject jurisdiction over the dispute at issue.

**Fifth Affirmative Defense**

This Court lacks personal jurisdiction over Defendant.

**Sixth Affirmative Defense**

Plaintiff's claims are barred by his own contributory and/or comparative negligence.

**Seventh Affirmative Defense**

Plaintiff's claims are barred by the applicable statute of limitations.

**Eighth Affirmative Defense**

Plaintiff's claim is barred by the economic loss doctrine.

**WHEREFORE,** Defendant, ***Brenton Design Corporation d/b/a Wilcox Crittenden, Inc.***, demands judgment against Plaintiff for costs.

**CROSSCLAIM AGAINST DEFENDANT THE TALARIA COMPANY, LLC, d/b/a THE HINCKLEY COMPANY**

Now comes Defendant, ***Brenton Design Corporation d/b/a Wilcox Crittenden, Inc.***, and for its Crossclaim against Defendant, ***The Talaria Company, LLC d/b/a The Hinckley Company*** (hereinafter "Hinckley"), alleges as follows:

1. Upon information and belief, Plaintiff retained Hinckley to install the thru-hull in his boat.

2. In the event that it is determined that Plaintiff's loss was caused by the thru-hull in question (which is expressly denied), such loss was caused by Hinckley's negligent and unworkmanlike installation of the thru-hull.

3. In the event that Plaintiff prevails on its claim against this Defendant, then Hinckley is liable to it for any and all claims for damage under principles of contribution and indemnity.

**WHEREFORE,** Defendant, ***Brenton Design Corporation d/b/a Wilcox Crittenden, Inc.***, demands judgment against Hinckley to the extent any judgment is entered against this Defendant, plus costs and attorneys' fees and granting such further relief as the Court deems just and appropriate.

**CROSSCLAIM AGAINST POLY MOLD CORPORATION**

Now comes Defendant, ***Brenton Design Corporation d/b/a Wilcox Crittenden, Inc.***, and for its Crossclaim against defendant, ***Poly Mold Corporation***, alleges as follows:

1. Poly Mold Corporation (hereinafter "Poly Mold") is the manufacturer of the thru-hull fitting alleged to have caused Plaintiff his loss.

2. To the extent that Plaintiff's loss was caused by the thru-hull fitting at issue (which Defendant expressly denies), such loss was caused by Poly Mold's negligence or

improper manufacture of the thru-hull fitting.

3. In the event that Plaintiff fails on its claim against this Defendant, Poly Mold is liable to it for any and all claims for damage to the boat under principles of contribution and indemnity.

**WHEREFORE,** Defendant, ***Brenton Design Corporation d/b/a Wilcox Crittenden, Inc.***, demands judgment against Poly Mold in the amount of any judgment entered against this Defendant, plus costs and attorneys' fees, and granting such further relief as the Court deems just and appropriate.

**BRENTON DESIGN CORPORATION d/b/a**
**WILCOX CRITTENDEN, INC.**

By its Attorneys,

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq. #1373
**HODOSH, SPINELLA & ANGELONE pc**
One Turks Head Place, Suite 810
Providence, Rhode Island 02903
(401) 274-0200
*Fax* (401) 274-7538

Dated: August 23, 2006

Defendant, ***Brenton Design Corporation d/b/a Wilcox Crittenden, Inc.***, hereby claims a trial by jury.

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq. #1373

**CERTIFICATION**

I hereby certify that on this 23rd day of August, 2006, I caused a copy of the within Answer and Crossclaims to be electronically mailed to: Daniel P. McKiernan, Esq., 243 North Main Street, Providence, RI 02903; and mailed by first class mail, postage prepaid

to the following attorneys of record: Norman A. Peloquin, II, Esq., 16 Main Road, P.O. Box 65, Adamsville, RI 02801 and Brian Thomas Burns, Esq., Brown & Mena, 175 Paramount Drive, Suite 204, Raynham, MA 02767.

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq. #1373