IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN STORMS,

Plaintiff,

vs.

THE TALARIA COMPANY, LLC,
d/b/a THE HINCKLEY COMPANY,
BRENTON DESIGN CORPORATION,
d/b/a WILCOX CRITTENDEN, INC.,
and POLY MOLD CORPORATION,

Defendants.

CIVIL ACTION NO. 06-277ML

**HINCKLEY'S RULE 16 STATEMENT**

NOW COMES defendant, The Talaria Company, LLC, doing business as defendant, The Hinckley Company (hereinafter referred to as "Hinckley"), and by its attorney, submits this statement in anticipation of the Rule 16 Scheduling Conference on October 18, 2006.

I. Summary of the Case

St. Paul Fire and Marine Insurance Company, as subrogee of Brian Storms ("St. Paul"), seeks damages against Hinckley for breach of express and/or implied warranties, and in tort for negligent or improper design and manufacture of Mr. Storms' 29-foot power boat known as 'TEMPUS" ("Vessel"). Hinckley manufactured the Vessel in 2002. Hinckley sold the Vessel to Mr. James R. Swartz of Park City, Utah on or about May 10, 2002. On June 21, 2005, Mr. Swartz sold the Vessel to Mr. and Mrs. Storm.

The Vessel sank at its mooring in West Falmouth, Massachusetts on June 30, 2005. It was raised and transported to Hinckley's yard in Portsmouth. Upon inspection, marine surveyors determined that the Vessel sank due a fracture in a plastic through-hull fitting which had been installed in the area of the after-starboard waterline. The Vessel was transported by trailer to Hinckley's facility in Southwest Harbor, Maine and repaired for a total cost of $154,203.49.

In addition to Hinckley, St. Paul asserts product liability claims against co-defendants, Brenton Design Corporation, d/b/a Wilcox Crittendon ("Wilcox Crittendon"), the wholesale distributor of the through-hull fitting, and Poly Mold Corporation ("Poly Mold"), the purported manufacturer of the component part.

In its answer to the Complaint, Hinckley asserts a cross-claim against Wilcox Crittendon for common law tort indemnity.

II. Legal Issues Presented

Hinckley asserts that the tort claims are governed primarily by the general maritime law of the United States. Because the warranty claims are outside of admiralty, Hinckley believes that they are governed by state law. As the threshold inquiry, choice of law principles must determine the substantive law to be applied in this case.

With respect to the subrogee's right of recovery against Hinckley in tort, Hinckley avers that the "economic loss doctrine" will preclude the subrogated insurer's recovery of damages under both maritime and state tort law. See, *East River SS Corp. v. Transamerica Delaval, Inc.*, 476 U.S.858 (1986).

With respect to the subrogee's warranty claims, Hinckley asserts that Rhode Island and Massachusetts are the states primarily involved in this loss. Hinckley believes that the viability of St. Paul's warranty claims in this case will be dependent upon a choice of law determination.

In the event that Hinckley is found liable for damages, then it believes that it will be entitled to indemnity from the through-hull's distributor, Wilcox Crittendon.

Dated: October 12, 2006

Respectfully submitted,

THE TALARIA COMPANY, LLC,
d/b/a THE HINCKLEY COMPANY
By its attorney,
NORMAN A. PELOQUIN, II P.C.

/s/ Norman A. Peloquin, II
Norman A. Peloquin, II
(RI Bar No. 4146)
*Of Counsel*, Saunders & Saunders, LLP
16 Main Road, P.O. Box 65
Adamsville, RI 02801
Tel. (401) 635-9100
Fax (401) 635-9125

Certificate of Service

I hereby certify that on the 12th day of October, 2006, I served a true copy of the forgoing document upon counsel of record by electronic mail to: Daniel P. McKiernan, Esquire, McKiernan, Thompson & Millea, 243 North Main Street, Providence, Rhode Island 02903; Gerald W. White, Esquire, Hill Rivkins & Hayden LLP, 45 Broadway, Suite 1500, New York, New York 10006; Brian T. Burns, Brown & Mena, 245 Waterman Street, Providence, Rhode Island 02906; and Thomas C. Angelone, Hodosh, Spinella & Angelone, P.C., One Turks Head Place, Suite 810, Providence, Rhode Island 02903.

/s/ Norman A. Peloquin, II
Attorney at Law