IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN STORMS

V.

CIVIL ACTION NUMBER:
NO: 06-277ML

THE TALARIA COMPANY, LLC DBA THE HINCKLEY COMPANY, BRENTON DESIGN CORPORATION DBA WILCOX CRITTENDON, INC. AND POLY MOLD CORPORATION

**POLY MOLD CORPORATION'S RULE 16 STATEMENT**

I. Summary of the Case

St. Paul Fire and Marine Insurance Company as subrogee of Brian Storms has brought this $160,839 claim arising out of the sinking of Mr. Storms' 29 foot Hinckley power boat. Plaintiff claims the sinking occurred due to a leaking thru-hull fitting manufactured by Poly Mold Corporation. Because discovery is in its initial stages, this Defendant can only present certain facts based on information and belief. It is this Defendant's understanding that the boat was purchased through a used boat brokerage company Hinckley Yacht Brokerage-Portsmouth Rhode Island. The boat was manufactured in 2002 and evidently delivered to the original purchaser James Swartz on May 30, 2002. The boat was then sold through Little Harbor Yacht Brokerage Company, Hinckley's broker, on June 23, 2005 to Brian Storms for $283,000. Thereafter, on June 29, 2005, the boat sunk while at mooring. The boat was salvaged, and the thru-hull fitting removed against instructions by Hinckley personnel who used crude means inconsistent with good forensic techniques to remove the fitting, evidently resulting in the fitting being separated into three pieces. St. Paul paid Brian Storms $160,813.49.

Plaintiff alleges that the defendants are legally responsible for the loss based on the breach of certain express and implied warranties and based on their negligent design, manufacture or installation of the fitting.

This Defendant has served both interrogatories and requests for production on co-defendants and on the plaintiff. Only the plaintiff has responded to discovery.

This Defendant will need to depose those individuals at Hinckley and associated companies which designed and manufactured the boat. Further, those individuals at Hinckley or associated companies who removed the fitting will also need to be deposed. Lastly, those individuals at Hinckley or associated companies claiming knowledge of the defective design

or manufacture of the thru-hull fitting will need to be deposed. This defendant is awaiting Hinckley's responses to discovery to identify these individuals. Moreover, this Defendant will need to depose the owners of the boat insofar as there is a question when this alleged defect arose and whether the alleged defect could have begun discovered and remedied before any loss. The defendant will need to depose those individuals identified through discovery as having come into contact with this boat, whether in its design, construction, alteration, repair and the like.

II. Factual Issues Presented

(1) The names of the entities responsible for the design, construction, maintenance, modification, alteration, salvaging and repairing of the boat;
(2) The names of the entities in the chain of custody or control over the boat;
(3) The various contractual and extra-contractual obligations and duties of the parties;
(4) The cause of the sinking;
(5) The cause and origin of any defect in the thru-hull fitting;
(6) The date when any such alleged defect arose and the parties responsible for the defect;
(7) The date when any such defect could have been reasonably discovered;
(8) The ability of any party to have discovered any alleged defect before any resulting damage;
(9) The reasonable care of each party in performing their various contractual and extra-contractual obligations and duties, and the extent to which any lack of such care contributed to the loss

III. Legal Issues Presented

(1) Choice of Law—Does Massachusetts or Rhode Island supply the substantive law including the applicable statute of limitations?
(2) Are plaintiff's claims in whole or in part precluded under the applicable law?
(3) Does the economic loss doctrine preclude recovery on all or some of plaintiff's claims?
(4) Did this Defendant owe any duty to the plaintiff insofar as the alleged component part was supplied by this defendant to a sophisticated buyer who was solely responsible to safely and appropriately integrate the part into products suitable for that part?
(5) Did this defendant owe any duty to the plaintiff insofar as the alleged component part was supplied by this defendant to a sophisticated buyer who was solely responsible to instruct the ultimate user on how to safely and appropriately integrate the part into products suitable for that part?
(6) Did this defendant owe any duty to the plaintiff insofar as the alleged component part was manufactured in accordance with specification given by third parties?
(7) Is the plaintiff's action is barred based on modification, alteration or misuse of the component part and/or the product?
(8) Is the plaintiff's action and/or cross-claims against this defendant barred based on spoliation of evidence?

(9) Must the plaintiff's action against this defendant fail as any alleged proximate cause between any alleged misconduct by this defendant and the loss was broken by an independent, superseding, intervening cause or causes?

/s/ Brian T. Burns, Reg #:4187
Law Offices of Brown & Mena
175 Paramount Drive, Suite 204
Raynham, MA. 02767
(508) 880-3509
(508) 880-8625
Brian.burns@libertymutual.com

**Certificate of Service**

I hereby certify that on the 16th day of October, 2006, I served a true copy of the foregoing document upon counsel of record by mailing the same, first class, postage prepaid to:

Daniel P. McKiernan, Esq.
McKiernan, Thompson & Millea
243 North Main Street,
Providence, RI 02903

Gerald W. White, Esq.
Hill, Rivkins & Hayden, LLP
45 Broadway, Suite 1500
New York, NY 10006

Norman A. Peloquinn, II, Of Counsel
Saunders & Saunders LLP
16 Main Road, PO Box 65
Adamsville, RI 02801

Thomas C. Angellone, Esquire
Hodosh, Spinella & Angelone, PC
One Turks Head Place, Suite 810
Providence, RI 02903

______________________________
Brian T. Burns